J-S47021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE CHANEY, | |
| Appellant | No. 2201 EDA 2013 |

Appeal from the Judgment of Sentence of June 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012656-2011

BEFORE:  MUNDY, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED SEPTEMBER 22, 2014**

Appellant, Andre Chaney, appeals from the judgment of sentence entered on June 28, 2013.  We affirm.

The trial court has ably summarized the underlying facts of this case. As the trial court explained:

> On September 26, 2011, at approximately 12:10 a.m., [K.M. (hereinafter "the victim")] responded to a knock on the door of his [Philadelphia] apartment [building]. . . . Upon opening the door, three individuals – Appellant, [Appellant's] co-defendant Mustafa Hill (hereinafter "Hill"), and an unidentified male wearing a ski mask – pushed through into the entrance of the apartment building and closed the door behind them.  [The victim] knew [Appellant] and Hill because they regularly bought loose cigarettes from him.  [Appellant] put a handgun to [the victim's] head and pushed him back toward the doorway of his apartment saying "give me the money, give me the money." [Appellant and the victim] struggled in the apartment vestibule and after Hill had blocked [the victim] from getting to his door, Hill stood at the front door of the

apartment building as a lookout. The unidentified male, who also possessed a handgun, entered [the victim's] apartment, as [Appellant] continued to restrain [the victim] in the hallway by squeezing his neck. After a few minutes, the unidentified male exited [the victim's] apartment, whereupon [Appellant] said "[a]re you okay? Everything [okay]? You get it?" [The] three [robbers then] fled [] the building. [The victim] went inside [his apartment] and found his apartment disheveled with $800[.00] missing from the drawer of his nightstand.

[Philadelphia Police] Officer [Michael] Gwynn was the first to respond to the radio call for a robbery in progress and, after speaking with [the victim], the officer gave out a flash description of the males to the officers in the area. [Philadelphia Police] Detective [Frank] Mullen and [Philadelphia Police] Officer [Anthony] Coward arrived at the apartment building and[,] shortly thereafter[, the victim] indicated that he saw the males and pointed to [] two men [walking] northbound up 60th Street. The officers began to cross the street toward the males and, upon seeing the officers, the males ran into a set of houses, located at 1211 and 1213 North 60th Street. The officers knocked on the door of 1211 North 60th Street and were permitted inside, but the search provided negative results. The officers then knocked on the door of 1213 North 60th Street, where the second floor resident informed them that the first floor resident was unknown, but that a girl lived on the third floor. The officers proceeded to the third floor and [Appellant] opened the door and informed the officers that he was in his apartment with his girlfriend and another friend. [Appellant] was brought outside and [the victim] identified him as one of the males who had [robbed him]. The officers returned upstairs and found Hill lying [on] the [floor] of a closet[. The officers brought Hill] outside, and [the victim] identified [Hill] as [the second of the three males who had robbed him].

Trial Court Opinion, 12/5/13, at 3-4.

Following Appellant's trial, the jury found Appellant guilty of robbery, conspiracy, burglary, criminal trespass, carrying a firearm without a license,

carrying a firearm in public in Philadelphia, and possessing instruments of crime.[1]  The trial court then found Appellant guilty of possession of a firearm by a prohibited person.[2]  On November 20, 2012, the trial court sentenced Appellant to serve an aggregate term of six-and-a-half to 20 years in prison for the above convictions.

Appellant filed a timely post-sentence motion and claimed that his convictions were against the weight of the evidence and that his sentence was manifestly excessive.  The trial court held a hearing on Appellant's post-sentence motion, after which the trial court denied Appellant's motion in part and granted Appellant's motion in part.  Specifically, the trial court denied Appellant's motion for a new trial, but granted Appellant's motion to reconsider the sentence.  On June 28, 2013, the trial court resentenced Appellant to serve an aggregate term of five-and-a-half to 20 years in prison.

Appellant filed a timely notice of appeal from his judgment of sentence.  Appellant now raises the following claim to this Court:

> Did not the trial court err and abuse its discretion in denying Appellant's motion to set aside the verdict on all charges as against the weight of the evidence, where the [victim's] testimony and prior statements to [the] police were inconsistent, contradictory, and totally unreliable,

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, 3502(a), 3503(a)(1)(i), 6106(a)(1), 6108, and 907(a), respectively.

[2] 18 Pa.C.S.A. § 6105(a)(1).

particularly concerning the critical issue of his identification of Appellant?

Appellant's Brief at 3.

Our Supreme Court has held:

a verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

Significantly, in a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009) (internal quotations and citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of

bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Serrano***, 61 A.3d 279, 290 (Pa. Super. 2013) (internal quotations and citations omitted).

Within Appellant's post-sentence motion, Appellant claimed that the jury's verdict was against the weight of the evidence because: 1) during trial, the victim testified that, at the time of the robbery, he was familiar with the names and voices of Appellant and Hill – however, the victim did not testify to this fact at the preliminary hearing and the police report contains no such statement; 2) during trial, the victim testified that he could see the faces of the robbers – however, the victim originally informed the police that the robbers were all wearing masks; and, 3) during trial, the victim testified that the robbers all carried firearms – however, another witness told the police that she did not see the robbers carrying firearms. Appellant's Post-Sentence Motion, 12/4/12, at 1-2. Appellant claimed that the above discrepancies showed that the victim's identification testimony was inconsistent and, therefore, that the jury's verdict was against the weight of the evidence. ***Id.*** The trial court denied Appellant's weight of the evidence claim.

Now on appeal, Appellant challenges the trial court's denial of his weight claim by reiterating the above contentions. However, it is clear that the trial court did not abuse its discretion when it denied Appellant's weight of the evidence challenge. Certainly, the jury was well aware of the alleged "inconsistencies" in the victim's testimony. Nevertheless, after hearing and

observing the victim testify at trial, the jury concluded that the victim's trial testimony was truthful and accurate with respect to the fact that, on September 26, 2011, Appellant robbed the victim and that, during the robbery, Appellant employed a firearm.

The jury's credibility determinations were well within its province as fact-finder. Moreover, we conclude that the trial court did not abuse its discretion when it concluded that the jury's verdict was not "so contrary to the evidence as to shock one's sense of justice." *Rivera*, 983 A.2d at 1225. Therefore, we conclude that the trial court did not abuse its discretion when it denied Appellant's weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2014