J-S29001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SERRANO | |
| Appellant | No. 982 WDA 2013 |

Appeal from the Judgment of Sentence May 3, 2013
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000099-2011

BEFORE: PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.             **FILED JUNE 04, 2015**

A previous panel of this Court remanded this case for re-sentencing. ***See Commonwealth v. Serrano***, 61 A.3d 279 (Pa. Super. 2013). On remand, the sentencing court imposed sentence on counts two through four and ran the sentences consecutively. Count two is Serrano's conviction for possession with intent to deliver a controlled substance (heroin), 35 P.S. 780-113(a)(30), and the trial court imposed a term of imprisonment of fifteen to thirty years. The sentence for count two imposed a mandatory minimum, as the sentencing court notes in its sentencing order. ***See*** Order, 5/3/13, at 6, ¶10.

_____

[*] Retired Senior Judge assigned to the Superior Court.

There is a problem with this sentence. It is illegal. This Court has held that section 7508 is facially invalid pursuant to **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). **See Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014). Simply put, "a mandatory minimum sentence imposed under this statute is illegal." **Commonwealth v. Vargas**, 108 A.3d 858, 876 (Pa. Super. 2014) (en banc) (citing **Fennell**).

We have little doubt that our decision upsets the sentencing scheme. Accordingly, we vacate the judgment of sentence and remand for re-sentencing. **See**, **e.g.**, **Commonwealth v. Phillips**, 946 A.2d 103, 115 (Pa. Super. 2008) ("If a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.").[1]

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2015

---

[1] Our disposition makes the first issue raised on appeal moot.