J-A17008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVID MEADE | |
| Appellant | No. 1220 EDA 2014 |

Appeal from the Judgment of Sentence March 18, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001571-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 09, 2015**

David Meade appeals from the judgment of sentence imposed on March 18, 2014, in the Court of Common Pleas of Montgomery County following his conviction by jury on charges of possession of a controlled substance (cocaine) with intent to deliver, conspiracy, and criminal use of a communications facility.[1]  Meade received an aggregate sentence of 10-20 years' incarceration followed by seven years' probation.  The charges arose from an investigation of a multi-county drug distribution ring and included extensive wiretap surveillance that produced approximately 6,000 recorded calls or text messages.  Meade was tried with two co-defendants, who were

---

[1] 35 P.S. § 780-113(A)(30), and 18 Pa.C.S. §§ 903(a)(1) and 7512(a) respectively.  Meade was acquitted of possession of an instrument of crime (firearm), 18 Pa.C.S. § 907(a).

also found guilty of various drug related charges. In this timely appeal, Meade raises four issues. He claims: (1) there was insufficient evidence to support his conviction of conspiracy; (2) the trial court erred in failing to grant his pre-trial motion for severance; (3) the trial court erred in failing to grant a mistrial after jurors were improperly contacted; and (4) the trial court erred in admitting translations of wiretap conversations without demonstrating those transcripts were reliable and accurate. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

In addition to Meade and his two co-defendants, Jorge Goya-Hidalgo and Angel Rios-Gonzalez, the drug investigation underlying the charges brought in this matter also resulted in the arrest of several others. Jose Mauricio Rodriguez-Cordero (Mauricio), Israel Rodriguez, James Gambone, Oscar Santos, Eliester Melendez, Jimmy Lopez and Victor Sabater-Almodovar all pled guilty to various drug and conspiracy charges prior to the instant trial. Mauricio testified at trial on behalf of the Commonwealth. The evidence produced at trial demonstrated a tangled connection of drug dealing. Relevant to the instant appeal, David Meade sold at least 125 grams of cocaine to Israel Rodriguez who subsequently sold those drugs to Mauricio. Mauricio then sold drugs to various other defendants. Rodriguez also sold drugs to Sabater-Almodovar and Rios-Gonzalez. Mauricio testified Rodriguez introduced Meade to him.

Meade's first argument is that the Commonwealth failed to provide sufficient evidence to support his conviction for conspiracy. He claims the evidence presented at trial only demonstrated he sold drugs to Rodriguez.

The trial court found this issue waived, as Meade's Pa.R.A.P. 1925(b) statement failed to specifically set forth what element(s) of what crime(s) were at issue in his sufficiency challenge. Meade's subsequent argument in his appellant's brief, specifically narrowing the issue to his conspiracy conviction does not save his claim. In **Commonwealth v. Reeves**, 907 A.2d 1 (Pa. Super. 2006), Reeves filed a vague 1925(b) statement claiming only there was insufficient evidence to support his conviction. The trial court, as happened instantly, found the 1925(b) statement too vague to conduct a meaningful review. On appeal, Reeves argued specifically that his conviction was infirm because SEPTA was not a person pursuant to 18 Pa.C.S. § 4114 (execution of documents by deception). A panel of our Court held the argument to have been waived. **Reeves** is squarely on point with the relevant facts of this matter. Meade's overly vague 1925(b) statement did not allow the trial court the opportunity to conduct a meaningful review, thereby waiving the claim. The claim cannot be resurrected by a specific argument in his appellant's brief. Accordingly, Meade is not entitled to relief on this issue.

Next, Meade claims the trial court erred in failing to grant his motion to sever his trial from his co-defendants. Meade argues he had undertaken no criminal acts with either Goya-Hidalgo or Rios-Gonzalez and, therefore,

he was entitled to a separate trial. Meade's argument ignores the fact that all defendants were charged with being part of the same conspiracy, and the law favors joint trials when conspiracy is at issue.

> A joint trial of co-defendants in an alleged conspiracy is preferred not only in this Commonwealth, but throughout the United States.
>
> It would impair both the efficiency and the fairness of the criminal justice system to require ... that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability.
>
> A defendant requesting a separate trial must show real potential for prejudice rather than mere speculation. The defendant bears the burden of proof, and we will only reverse a decision not to sever if we find a manifest abuse of discretion by the trial court.

**Commonwealth v. Serrano**, 61 A.3d 279, 285 (Pa. Super. 2013) *quoting*

**Commonwealth v. Colon**, 846 A.2d 747, 753-54 (Pa. Super. 2004).

Additionally, in **Serrano**, our Court stated:

> We find no manifest abuse of discretion in the trial court's denial of Appellant's severance motion. Numerous factors militated in favor of joinder, including the fact that the charges against both defendants arose from the same course of events. In addition, the same evidence of the recorded telephone conversations between Appellant and Mr. Carter was to be presented in both cases, as well as the same witnesses, (i.e. the law enforcement officers who conducted the surveillance of Appellant and Mr. Carter), were to testify. Therefore, "[s]everance would have resulted in unnecessary repetition", and joinder was warranted.

*Id*. at 285-86.   The same factors that militated in favor of joinder in **Serrano** exist instantly.   Accordingly, the trial court did not abuse its discretion in denying Meade's motion to sever.

Meade's third claim is that the trial court erred in failing to grant a mistrial after certain jurors had been part of an improper conversation with court staff.   The father of one of defense counsel was a tipstaff (court officer) in the trial court.   As such, he was in close proximity to the jurors.   Early in the trial, the tipstaff was overheard telling a juror that the trial was important.   Four jurors were identified as having heard or having possibly heard the comment.[2]   It was originally unclear if it had been the tipstaff who made the comment or the trial judge's court crier.

Juror 11[3] was questioned whether any member of the court staff had talked to him about the case.   He did not recall any such comment, but admitted he had been speaking with the crier.   He claimed the conversation was general and did not involve the case. The other jurors were questioned and admitted to having heard the tipstaff's comment that it was an important case.   However, the jurors interpreted it as a general comment about the nature of the case, that the comment was not meant to favor one side over another, and stated that the comment would have no effect on

---

[2] These were Jurors 11, 8, 4 and Alternate Juror 1.

[3] Juror 11 had been employed by the Montgomery County Courts and personally knew the court staff.

their ability to continue to be fair and impartial. Juror 11 asked to be heard again and related that he had also overheard the offhand comment by the tipstaff, and that it would have no effect on him. The trial court also heard from the tipstaff who admitted he said the case was important to the county. He claimed the jurors had been concerned and he simply noted the case was important. The trial court also asked the jury as a whole if anyone had heard any comments from the court staff regarding the case. No other juror had.

One defense counsel[4] argued Juror 11 was lying when he originally denied having heard any comment regarding the case. Out of an abundance of caution, the trial court dismissed Juror 11. The same defense counsel asked for a mistrial on the grounds the jury was tainted by the tipstaff's comment. The motion was denied.

In its Pa.R.A.P. 1925(a) opinion, the trial court first states that Meade never joined in the motion for mistrial, therefore the claim has been waived. Here, we decline to find waiver. Counsel who requested the mistrial ambiguously stated, "We have a motion for a mistrial." The trial court notes this statement could have applied to counsel and his client, or to all defendants. We interpret the statement to include all defendants, as it would have been virtually impossible for the trial court to have granted a

_____

[4] Counsel for Rios-Gonzalez.

mistrial as to one defendant but not the others. Additionally, none of the other defendants, including Meade, excluded themselves from the request. Finally, prior to requesting the mistrial, counsel for Rios-Gonzalez stated he had to confer with the other defense counsel. Accordingly, we believe the request for the mistrial was made on behalf of all defendants.

> Our standard of review in assessing the denial of a mistrial is as follows:
>
>> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Commonwealth v. Johnson*, 107 A.3d 52, 77 (Pa. 2014).

While we would agree that the tipstaff's comment was ill-advised, we agree with the trial court that the comment did not rise to the level of preventing the jury from weighing the evidence and rendering a true verdict. We note that none of the jurors who heard it understood the comment to favor any party. It was understood as simply an off-handed comment, without context. All the jurors who heard the comment asserted the

comment would have no effect on them and they could all be fair and impartial.[5]   The fact that the jury was able to weigh the evidence independent of the allegedly prejudicial comment is demonstrated by the fact that all defendants were acquitted of at least one charge.

In light of the above, we find no abuse of discretion by the trial court's denial of the motion for mistrial.

In his final claim, Meade argues the trial court erred in admitting the translated wiretap transcripts into evidence when the Commonwealth failed to adequately show the translations were reliable.  The trial court found this claim to be waived because counsel did not object on these grounds at trial.  Our review of the certified record demonstrates the trial court is correct.

Prior to the testimony of Elizabeth Chegezy several objections were raised.  Chegezy was a certified translator of the Spanish Language and an independent contractor who worked for a translation service, hired by Montgomery County to provide a final edit of the translation of the wiretaps obtained in this matter.  In the course of her work she reviewed the initial translation of the wiretap recordings, listened to the recordings, and made corrections where she believed errors in translation had been made.  Her translation was then reviewed by the prosecutor and at least one detective

_____

[5] We note that no cautionary instruction was requested and the only alternative to a mistrial was a request that Juror 11 be dismissed.  This request was granted.

who had worked on the case. Some of her edits were questioned by the prosecution, but any changes made to the transcriptions entered into evidence at trial were based upon her belief that her translation was accurate.

Counsel for Goya-Hidalgo challenged the admission of Chegezy's final edit on the basis that it was not provided in a timely fashion and he had no means to independently verify the translation. This objection was overruled because defendant had possession of the actual wiretaps for months prior to trial and could have obtained his own translation for use at trial. After the trial court overruled Goya-Hidalgo's objection, counsel for Meade raised a different objection.

> Counsel: Thank you. On behalf of Mr. Meade, Your Honor, we are objecting to the admission of any of the transcripts contained in C-11 for a reason that is essentially a chain of custody argument.
>
> And I would make this argument as well since the discussion was just had. It is not the defenses' burden to offer any evidence. We have no burden of proof. The Commonwealth is seeking the admission of evidence. The evidence is the transcripts. The Commonwealth has to provide a chain of custody to show that these transcripts are accurate and that they represent what the Commonwealth obtained. And they can't do that. There are significant breaks in the chain of custody. We have not – this witness who testified doesn't even know who originally transcribed the audio recordings into the Spanish which were then subsequently translated and revised and revised and revised.

N.T. Trial, 5/9/2013, at 184.

The final translation of the wiretap recordings, presented by the Commonwealth as Exhibit C-11, was authenticated by Chegezy as her work and certified as accurate in her capacity as a certified Spanish translator. Therefore, the trial court did not abuse its discretion in admitting the translation into evidence. Meade is not entitled to relief on this issue.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015