J-S46021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS RICHARD MARTY, | |
| Appellant | No. 173 MDA 2017 |

Appeal from the Judgment of Sentence December 2, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001394-2016

BEFORE:  BOWES, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:             **FILED SEPTEMBER 18, 2017**

Appellant, Thomas Richard Marty, appeals from the judgment of sentence entered on December 2, 2016, as made final by the denial of Appellant's post-sentence motion on December 21, 2016.  We affirm.

In 2015, Appellant was arrested and charged with a number of crimes, including driving under the influence of alcohol ("DUI").  During Appellant's bench trial, the Commonwealth presented the testimony of witness Matthew Scalzo and Lancaster Police Officer Jason Wendlebeck.

Mr. Scalzo testified that, at around 12:30 a.m. on October 3, 2015, he was operating his vehicle on New Holland Avenue, in Lancaster.  Mr. Scalzo testified that he was stopped at a traffic light, with his turn signal and lights on, and was waiting to turn into a parking lot when a vehicle, being driven by Appellant, crashed into the rear-end of his car.  N.T. Trial, 12/2/16, at 4-

_____
* Former Justice specially assigned to the Superior Court.

6. The collision "totaled" Mr. Scalzo's car and rendered the car inoperable. *Id.* at 6.

Mr. Scalzo testified that he and Appellant exited their cars and spoke; upon interacting with Appellant, Mr. Scalzo noticed that Appellant "appeared to be intoxicated." *Id.* at 13. Further, Mr. Scalzo testified that, "when the first officer showed up[, the officer asked Appellant] . . . if he was drinking that night and he said yes." *Id.*

Lancaster Police Officer Jason Wendlebeck testified that he responded to the accident involving Appellant and Mr. Scalzo. Officer Wendlebeck testified that, when he arrived on the scene, he noticed heavy damage to the rear of Mr. Scalzo's vehicle and to the front of Appellant's vehicle; further, Officer Wendlebeck noticed "[n]o skid marks on the road, no ABS marks to indicate that there was any try to stop." *Id.* at 16. As Officer Wendlebeck testified:

> When I initially saw [Appellant], . . . he was swaying back and forth. He seemed unbalanced on his feet.
>
> As I approached, I was approximately 3 feet away from [Appellant] and I did detect an odor of alcoholic beverage upon his breath, upon his person. As I began speaking with him, I asked initially what had happened [a]nd his statement was, I tried to make the right and I didn't make it.
>
> I was sort of taking it in. I recognized he had glassy, bloodshot eyes. He did slur his speech as he spoke to me . . . [and] when he did speak, he had a thick tongue. Several of the words, as we spoke with each other, were mumbled.

> And I did ask him if he had been drinking. He said yes, I had at least three beers. I assumed, based on his presentation, his motor skills, that he actually consumed probably quite a bit more than that.
>
> At that time, I requested another officer to come to the scene so I [could] perform standardized field sobriety tests. It was several moments – minutes actually – until that other officer arrived. During that time, I began filling out the accident forms, and I just observed [Appellant], and he continued to, as Mr. Scalzo said, he was just staggering about on the sidewalk. He was kicking objects, headlamp, just debris that was in the roadway. . . .
>
> Through that interaction, as I was waiting for the other officer to arrive, [Appellant] made several unintelligible statements. There was a little grumbling, some cursing at times. He wasn't making a whole lot of sense. He was kind of scatter-brained.

*Id.* at 15-18 (some internal paragraphing omitted).

When the second officer arrived on the scene, Officer Wendlebeck requested that Appellant submit to the field sobriety tests. At that point, Appellant began to complain of head and neck injuries and, as a result of Appellant's complaints, Officer Wendlebeck requested the aid of an ambulance. Further, because of Appellant's complaints, Officer Wendlebeck was unable to perform the field sobriety tests. *Id.*

The ambulance transported Appellant to Lancaster General Hospital. While in the hospital, Officer Wendlebeck requested that Appellant submit to a blood draw, to test his blood alcohol content. Officer Wendlebeck testified that, while he read Appellant the PennDOT DL-26 form, Appellant "was screaming throughout the entire reading of the form and just very – just

- 3 -

inappropriate words and language throughout the hospital as I read it to him." *Id.* at 19. Appellant then refused the requested blood draw. *Id.*

Officer Wendlebeck further testified that, while they were in the hospital, he observed Appellant and came to the conclusion that Appellant "had imbibed a very large amount of alcoholic beverage." *Id.* at 20. Officer Wendlebeck testified:

> [Appellant] had glassy, bloodshot eyes. He had slurred speech. He mumbled. He did not have fine motor skills. He staggered about. He was off his balance. He would tip from one way to the other. He was incoherent, rambling through the several-minute period. He had a wide range of mood swings and emotions, and he had a very strong odor of alcoholic beverage. I [could] smell it from at least 3 feet away.

*Id.*

Appellant also testified at the trial. According to Appellant: the accident occurred because Mr. Scalzo's vehicle "didn't have [its] lights on;" he never spoke with Mr. Scalzo after the accident; he only admitted to Officer Wendlebeck that he had drunk "[a c]ouple of beers earlier;" he believed "the effects of [the] alcohol had dissipated by the time he got behind the wheel of the car;" and, his "glassy eyes" and "mumbling" were caused by the accident, not intoxication. *Id.* at 32, 33, and 42.

The trial court found Appellant guilty of DUI (general impairment) and the summary offense of following too closely.[1] On December 2, 2016, the

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3310(a), respectively.

- 4 -

trial court sentenced Appellant to serve five days to six months in jail for the DUI conviction. N.T. Trial, 12/2/16, at 48.

Appellant filed a timely post-sentence motion and claimed that the trial court's verdict was against the weight of the evidence because "the evidence that [Appellant's] behavior was a result of being in a car accident was substantially stronger than the claims that he was intoxicated to the degree that he could not operate a vehicle safely." Appellant's Post-Sentence Motion, 12/12/16, at 3.

The trial court denied Appellant's post-sentence motion on December 21, 2016 and Appellant filed a timely notice of appeal.

Appellant raises one claim on appeal:

> Did the trial court abuse its discretion in finding that the verdict of guilty of [DUI] was not against the weight of the evidence where there was significant evidence that [Appellant's] indicia of being under the influence of alcohol were attributable to other, innocuous factors?

Appellant's Brief at 6.

As our Supreme Court has explained:

> a verdict is against the weight of the evidence only when the [factfinder's] verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the

> weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009) (internal quotations and citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Serrano***, 61 A.3d 279, 290 (Pa. Super. 2013) (internal quotations and citations omitted).

On appeal, Appellant claims that the trial court erred when it denied his weight of the evidence claim because "[t]he facts presented on the record more strongly support that the alleged indicia of intoxication were actually innocuous byproducts of the accident, not indicators of actual intoxication." Appellant's Brief at 12. This argument clearly fails. As the trial court explained:

At [Appellant's] trial, the Commonwealth presented the testimony of two witnesses who provided the [trial] court with ample testimony detailing [Appellant's] appearance of intoxication. Most notably, [Appellant], who had crashed his car, had slurred speech, glassy eyes, and an irritable demeanor. Further, when advised that he was going to be required to perform a field sobriety test, [Appellant] only then complained of head and neck injuries and a field sobriety test was not performed. The [trial] court was presented [with] testimony that [Appellant] was muttering inaudible words and kicking parts from his car on the street, evidence that the [trial] court believed showed [Appellant's] intoxication. The police officer who responded to the scene of [Appellant's] crash testified that he detected a strong odor of alcoholic beverages on [Appellant], and described to the [trial] court [Appellant's] unruly behavior when [Appellant] was made aware that he could not leave the hospital and that his blood needed to be drawn. Moreover, the [trial] court heard the testimony of [Appellant], in which he admitted that he had consumed alcohol prior to driving his automobile. After hearing the testimony and reviewing the evidence, the [trial] court arrived at the conclusion that [Appellant] drove under the influence of alcohol.

Trial Court Opinion, 5/22/17, at 2 (some internal capitalization omitted).

We agree with the trial court's cogent analysis and conclude that the trial court did not abuse its discretion when it denied Appellant's weight of the evidence challenge. Therefore, Appellant's claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017

- 7 -