J-S53034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| EDDIE WILLIAMS | |
| Appellant | No. 2117 MDA 2015 |

Appeal from the Judgment of Sentence December 2, 2015
in the Court of Common Pleas of Lebanon County Criminal Division
at No(s): CP-38-CR-0001948-2014

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  **FILED AUGUST 24, 2016**

Appellant, Eddie Williams, appeals from the judgment of sentence entered in the Lebanon County Court of Common Pleas. His attorney, Harry W. Fenton, Esq. ("Counsel"), has filed an **Anders**[1] petition for leave to withdraw. Counsel's brief presents two issues: whether the trial court erred by (1) refusing to sever Appellant's case from his co-defendant's case and (2) admitting recorded telephone conversations. We grant Counsel's petition to withdraw and affirm the judgment of sentence.

Following a jury trial, Appellant was convicted of the following: criminal homicide,[2] criminal attempt/criminal homicide,[3] violation of the

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738, 744 (1967).

[2] 18 Pa.C.S. § 2501(a).

controlled substance, drug, device, and cosmetic act for possession with the intent to deliver cocaine,[4] criminal conspiracy/violation of the controlled substance, drug, device, and cosmetic act,[5] criminal conspiracy/criminal homicide,[6] aggravated assault,[7] criminal conspiracy/aggravated assault,[8] aggravated assault,[9] criminal conspiracy/aggravated assault,[10] robbery,[11] criminal conspiracy/robbery,[12] person not to possess, use, manufacture, control, sell or transfer firearms,[13] flight to avoid apprehension, trial, or punishment,[14] criminal conspiracy/flight to avoid apprehension, trial, or

---

[3] 18 Pa.C.S. § 901(a).

[4] 35 P.S. § 780-113(a)(30).

[5] 18 Pa.C.S. § 903(a)(1).

[6] 18 Pa.C.S. § 903(c).

[7] 18 Pa.C.S. § 2702(a)(1).

[8] 18 Pa.C.S. § 903(c).

[9] 18 Pa.C.S. § 2702(a)(4).

[10] 18 Pa.C.S. § 903(c).

[11] 18 Pa.C.S. § 3701(a)(1)(i).

[12] 18 Pa.C.S. § 903(a)(1).

[13] 18 Pa.C.S. § 6105(a)(1).

[14] 18 Pa.C.S. § 5126(a).

punishment,[15] and firearms not to be carried without a license.[16]  N.T., 10/14/15, at 1236-45.

We summarize the relevant factual and procedural history as follows. On March 10, 2014, Appellant and his two co-defendants, Rick Cannon ("Cannon") and Akeita Harden ("Harden"), drove to an apartment complex in Lebanon, Pennsylvania.  N.T., 10/9/15, at 779.  Patrolman James Gross was dispatched around 9:55 a.m. to the apartment complex after gunshots were heard.  N.T., 10/6/15, at 29.  It is undisputed that one man was killed and another man was wounded.

After arriving at the apartment complex, Gross saw two men enter a car driven by a female.  *Id.* at 32.  The men were eventually identified as Cannon and Appellant.  *Id.* at 42, 53.  The female driver was later identified as Harden.  N.T., 10/9/15, at 787-88.  Gross told the men entering the vehicle to stop; they did not, and a car chase ensued.  N.T., 10/6/15, at 32. Gross testified the car was moving at "very high speeds, weaving in and out of traffic, at oncoming traffic" and was "posing great risk."  *Id.* at 37. Appellant fled the car, and a police officer found a handgun and cocaine in the direction Appellant had run.  *Id.* at 45.  Appellant was eventually apprehended in Philadelphia on October 6, 2014.  N.T., 10/8/15, at 634-37.

---

[15] 18 Pa.C.S. § 903(c).

[16] 18 Pa.C.S. § 6106(a)(1).

Appellant was taken to the Lebanon County Correctional Facility. While incarcerated, Appellant made phone calls and his phone conversations were recorded. *See* N.T., 10/9/15, at 704. The Warden of the Lebanon County Correctional Facility testified that inmates are notified that their calls will be recorded. N.T., 7/7/15, at 30-34.

> Each inmate is provided a handbook. They are also provided a telephone list . . . . It also serves as a waiver that they understand that anything that they are saying over the phone system that they use is subject to monitoring and recording and interpretation.

*Id.* at 30-31. The Warden further explained:

> We delegated the District Attorney's office as being the chief law enforcement officer of the fact of conversations that rise to a level of criminal activity. . . . [W]e designate the District Attorney's office as the authority to monitor any type of phone calls that may lead as to an investigative tool as well as also potential crimes that may not only happen within the prison, but also outside.

*Id.* at 34.

On April 30, 2015, Appellant filed an Omnibus Pre-Trial Motion including a motion to sever Appellant's case and a motion to suppress the recorded telephone conversations. Appellant's Pre-Trial Mot., 4/30/15. These motions were denied following a hearing on July 7, 2015. N.T., 7/7/15, at 21, 39.

Cannon pleaded guilty and was sentenced before Appellant's October 2015 trial began. N.T., 10/6/15, at 21. At trial, Appellant's co-defendant Harden incriminated Appellant while testifying about the events of March 10,

- 4 -

2014, and her relationship with Appellant. N.T., 10/9/15, at 753-95. Harden was also cross-examined by Appellant's counsel. *Id.* at 795-880. On October 14, 2015, Appellant was found guilty of all charges and was sentenced to life imprisonment on December 2, 2015. N.T., 10/14/15, at 1236-45; Trial Ct. Order, 12/2/15. Appellant did not file a post-sentence motion.

This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal,[17] and the trial court filed a responsive Rule 1925(a) opinion. The trial court opinion states in pertinent part:

> [B]oth co-defendants testified as witnesses in the trial. Under, *B[r]uton v. United States*, 391 U.S. 123 (1968), when both co-defendants testify, any potential prejudice is cured because the person who utters the incriminating statement is subject to confrontation and cross-examination; thus ending the inquiry. For these reasons, we find the alleged error lacks merit.

---

[17] We note that in this appeal, counsel opted to file a Rule 1925(b) statement and not a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief. The note to this subsection states:

> This amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under *Anders*/*McClendon*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Pa.R.A.P. 1925(c)(4) note (citations omitted).

*    *    *

This [c]ourt denied the motion to suppress at the hearing based on the testimony heard and the exhibits presented to it. In denying the motion, this [c]ourt determined that the Wiretap Act was fully complied with: [Appellant] received verbal and written warnings that the telephone conversations were subject to recording, the people on the other end of the phone call were also warned that the conversation was subject to recording, the warden designated the District Attorney (the chief law enforcement officer) as having access to the recorded telephone conversations and the recordings were used in the prosecution/investigation of a crime.

In reviewing the record, we see no error in this [c]ourt's decision to deny the motion to suppress the recorded phone conversations. There was full compliance with the Wiretap Act in recording and disseminating the [Appellant's] recorded conversations.

Trial Ct. Op., 1/27/16, at 5, 8-9.

Counsel identifies the following issues in the ***Anders*** brief:

1. Did the trial court err in refusing to sever the case of Appellant from the case involving his co-defendant, Akeita Harden?

2. Did the trial [court] err in admitting into evidence and allowing the jury to hear recorded telephone conversations originating from the the [sic] Lebanon County Prison?

***Anders*** Brief at 2.

As a prefatory matter, we review Counsel's petition to withdraw.

This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the

requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's reasons for concluding that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

[**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)]. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-90 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" **Id.** at 882 n.7 (citation omitted).

Instantly, counsel provided a factual summary of the case with citations to the record. **Anders** Brief at 3-4. Counsel explained the relevant law and discussed why Appellant's claims are meritless, and noted that he

found nothing in the record that could arguably support the appeal. ***Id.*** at 5-9. In conclusion, counsel's ***Anders*** brief stated:

> For all of the reasons set forth above, and because counsel for Appellant has been unable to identify, and therefore advocate in favor of, any appealable issues, counsel believes and therefore concludes that the appeal is frivolous.

***Id.*** at 10. Counsel for Appellant provided Appellant with a copy of the ***Anders*** brief and a letter advising Appellant of his rights. Counsel's Mot. to Withdraw, 3/10/16. In light of the foregoing, we hold Counsel has complied with the requirements of ***Santiago***. ***See Orellana***, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the issues on appeal are wholly frivolous. ***See id.*** at 882 n.7.

First, the ***Anders*** brief raises the issue of whether the trial court erred in failing to sever Appellant's case from that of his co-defendant. ***Anders*** Brief at 4. Appellant argues that Harden's incriminating statements should have been precluded from admission under ***Bruton v. United States***, 391 U.S. 123 (1968).

Our review is governed by the following principles:

> Severance questions fall within the discretion of the trial judge and an order denying severance will not be overturned on appeal absent an abuse of discretion. . . . When conspiracy is charged, a joint trial generally is advisable. . . . [S]everance should be granted only where the defenses are so antagonistic that they are irreconcilable–*i.e.*, the jury essentially would be forced to disbelieve the testimony on behalf of one defendant in

- 8 -

order to believe the defense of his co-defendant. Thus, a defendant claiming error on appeal has the burden of demonstrating that he suffered actual, not speculative, prejudice because of the ruling permitting a joint trial.

*Commonwealth v. Brown*, 925 A.2d 147, 161-62 (Pa. 2007) (citations and footnote omitted).

"It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience . . . of testifying, and randomly favoring the last tried defendants who have the advantage of knowing the prosecution's case beforehand."

*Commonwealth v. Travers*, 768 A.2d 845, 847 (Pa. 2001) (citation omitted).

In *Bruton*, where the co-defendant did not testify, but gave "powerfully incriminating extrajudicial statements of a co-defendant," *Bruton*, 391 U.S. at 135, the United States Supreme Court stated:

Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed.

*Id.* at 136 (footnotes and citation omitted).

"[T]he right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him secured by the Sixth Amendment. . . . [A] major reason underlying the constitutional confrontation

- 9 -

rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him."

*Id.* at 126 (citations omitted).

The Pennsylvania Supreme Court held that ***Bruton*** applies only where there is "introduction of a powerfully incriminating statement made by a **non-testifying** co-defendant at a joint trial." ***Commonwealth v. McCrae***, 832 A.2d 1026, 1038 (Pa. 2003) (emphasis added). "***Bruton*** is inapplicable to statements made by an individual other than a non-testifying co-defendant at a joint trial of co-defendants." ***Id.***

Instantly, Appellant's co-defendant testified and was cross-examined, and therefore ***Bruton*** does not apply. ***See*** N.T., 10/9/15, at 753-880; ***McCrae***, 832 A.2d at 1038. Because Harden was cross-examined, Appellant's Sixth Amendment right was not violated. ***See Bruton***, 391 U.S. at 126. Therefore, there was no ***Bruton*** violation and the trial court did not err in denying Appellant's motion to sever. ***See Bruton***, 391 U.S. at 136-37; ***Brown***, 925 A.2d at 161-62.

Next, the ***Anders*** brief raises the issue of whether the trial court erred in admitting recorded telephone conversations into evidence. ***Anders*** Brief at 6. Appellant does not challenge the fact that he was notified that his conversations would be recorded. ***Id.*** at 6. Rather, the brief argues that the District Attorney should not have been given access to the telephone conversation recordings without a warrant. ***Id.*** at 6-7.

The standard of review is as follows:

> [T]he admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will, or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Serrano*, 61 A.3d 279, 290 (Pa. Super. 2013) (quoting

*Commonwealth v. Glass*, 50 A.3d 720, 724-25 (Pa. Super. 2012)).

The Wiretap Act allows inmates' telephone calls to be recorded, but recording is subject to certain limitations:

> (A) Before the implementation of this paragraph, all inmates of the facility shall be notified in writing that . . . their telephone conversations may be intercepted, recorded, monitored or divulged.
>
> (B) Unless otherwise provided for in this paragraph, after intercepting or recording a telephone conversation, only the superintendent, warden or a designee of the superintendent or warden or other chief administrative official or his or her designee, or law enforcement officers shall have access to that recording.

18 Pa.C.S. § 5704(14)(i)(A)-(B).

Recordings should be divulged only if it is "necessary to safeguard the orderly operation of the facility, in response to a court order or in the prosecution or investigation of any crime." 18 Pa.C.S. § 5704(13)(i)(C); *see Commonwealth v. Baumhammers*, 960 A.2d 59, 79 (Pa. 2008).

In this case, the District Attorney was given access to the recordings as the designee of the warden. N.T., 7/7/15, at 35; *see also* 18 Pa.C.S. § 5704(14)(i)(B). The Commonwealth admitted the telephone recordings into evidence at trial. N.T., 10/9/15, at 708; *see Baumhammers*, 960 A.2d at 79. Therefore, there was no violation of the Wiretap Act and we agree with the trial court's opinion and counsel's determination that there is no merit to this claim. The trial court did not err in admitting the recorded telephone conversations as evidence. *See Serrano*, 61 A.3d at 290; *Glass*, 50 A.3d at 724-25.

Our independent review of the record reveals no other issues of arguable merit. *See Orellana*, 86 A.3d at 882 n.7. Accordingly, we grant counsel's petition for leave to withdraw and affirm the judgment of sentence.

Counsel's petition for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016