J-S87040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD CHARLES HIXON | |
| Appellant | No. 306 MDA 2016 |

Appeal from the Judgment of Sentence September 29, 2015
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000192-2014

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 31, 2017**

Edward Charles Hixon appeals from the judgment of sentence, entered in the Court of Common Pleas of Fulton County, following his jury trial conviction of possessing a firearm as prohibited because of a prior conviction of an offense as set forth by 18 Pa.C.S. § 6105(a).[1]

The trial court summarized the relevant facts of this matter as follows:

Raymond [R]oy Fisher, Jr.[,] testified that on October 28, 2014, he was playing horseshoes with his wife[,] Rhonda Lynch, his neighbor Katherine Cifollili, [Hixon], and others.  [Hixon] and Mr. Fisher got into an argument, during which [Hixon] went into his home and came out with a gun.  Rhonda Lynch corroborated this account[, testifying] that "but the next thing I know [Hixon], I

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The jury acquitted Hixon of making terroristic threats, 18 Pa.C.S. § 2706(a)(1), simple assault, 18 Pa.C.S. § 2701(a)(3), and recklessly endangering another person (REAP), 18 Pa.C.S. § 2705.

seen him go in the house. Then when he came back out he had a gun in his hand and [he] fired." . . . Katherine Cifollili testified that she was talking with Rhonda Lynch and "heard [Fisher and Hixon] arguing outside so we both went to the window and looked and that's when we saw [Hixon] pointing a gun right at [Fisher] and he held it there for [a while] and then he shot. He fired." Ms. Cifollili further testified that she saw the gun in [Hixon's] hands.

Additionally, Trooper Kenneth Falkosky of the Pennsylvania State Police testified that after obtaining a warrant for [Hixon's] arrest[,] he went to [his] residence. Upon entering the residence[,] Trooper Falkosky

> observed that there were green shotgun shells on a table surface not far inside the door . . . and Mr. Hixon [stated] that there was a shotgun underneath the couch in the room to the right of the doorway. At that point Trooper Garner lifted the couch and I observed that there was a long gun laying on the ground underneath the couch.

Trooper Falkosky further testified that on January 19, 2015, the shotgun and shells were removed from the evidence room in order to do a function test. The parties stipulated that "the brake action and action lock worked, that the shotgun fired both shotgun shells that were tested, that the extractor is functional and that overall the shotgun is [in] working function order capable of firing."

The jury heard multiple witnesses testify that they observed [Hixon] in possession of a firearm in the instant matter. Furthermore, the jury heard testimony that a firearm was found in [Hixon's] residence on October 30, 2014, when Hixon was arrested by Trooper Falkosky.

Trial Court Opinion, 1/22/16, at 5-7 (citations omitted).

Following his jury trial conviction, Hixon was sentenced on September 29, 2015, to five to ten years' incarceration. Hixon filed a timely post-sentence motion, which the court denied on January 22, 2016. Thereafter, Hixon filed a timely notice of appeal and court-ordered concise statement of

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hixon raises the following issues for our review:

1. Whether the evidence did not suffice to prove [Hixon] guilty of violating 18 Pa.C.S. § 6105(a)(1), failing to prove that, on the date asserted in the information, *viz*, on (or about) October 28, 2014, [Hixon] possessed a firearm, nor that [Hixon] had the requisite culpability, or mens rea, of acting knowingly (as the term "knowingly" is defined at 18 Pa.C.S. § 103 and used at 18 Pa.C.S. § 302), so that the [t]rial [c]ourt erred in denying the motion for judgment of acquittal?

2. Whether the verdict of guilty of violating 18 Pa.C.S. § 6105(a)(1)[] was against the weight of the evidence, inasmuch as the Commonwealth's evidence as to the events on (or about) October 28, 2014, was disbelieved, resulting in not guilty verdicts on the other counts, and so polluted the case as to depreciate the weight of the Commonwealth's other evidence on those events other than that there was not reliable evidence, direct or circumstantial, that [Hixon] possessed a firearm on (or about) October 28, 2014, and that other, unpolluted Commonwealth witnesses did not place [Hixon] in possession of a firearm on (or about) October 28, 2014, so that such guilty verdict shocked the conscience and required a new trial?

3. Whether the [t]rial [c]ourt erred by denying the motion in arrest of judgment inasmuch as, in violation of the Due Process Clause of the United States Constitution, as well as the due process protections of Article I, Section 9, of the Pennsylvania Constitution and/or the requirements for informations at Article I, Section 10, of the Pennsylvania Constitution, the Commonwealth did not amend the information to charge [Hixon] with possessing a firearm inside his residence discovered by the police in violation of 18 Pa.C.S. § 6105(a)(1), on October 30, 2014, which was separate and distinct from the offense charged in the information, which was alleged to have occurred on October 28, 2014, which the jury, by their not guilty verdicts as to the events alleged to have occurred on October 28, 2014, disbelieved?

4. Whether the trial court abused its discretion in imposing a sentence of total confinement of not less than 60 months nor more than 120 months for conviction of 18 Pa.C.S. § 6105(a)(1), which was excessive and unreasonable inasmuch as (i) it was predicated on an incorrect calculation of the "offense gravity score" of "10" under the Sentencing Guidelines, rather than the correct "offense gravity score" of "9", because the evidence at trial did not show "loaded/ammo available" as to the firearm, and (ii) the sentence did not account for the mitigating circumstance that [Hixon] operated under a mistake of law, believing, based on information from his Bedford County probation officer, that he was permitted to possess the firearm in question?

Brief for Appellant, at 6-7.

Hixon asserts that the evidence produced at trial was insufficient to prove that he knowingly possessed a firearm on the date alleged by the Commonwealth, and that even if it were sufficient, the verdict was against the weight of the evidence. In considering sufficiency of the evidence claims,

we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). The Commonwealth can satisfy its burden via wholly circumstantial evidence. *Id.*

- 4 -

As to weight of the evidence claims, we may not "re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id.*

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. . . . Thus we may reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the claim.

*Commonwealth v. Serrano*, 61 A.3d 279, 289 (Pa. Super. 2013).

Hixon was convicted pursuant to 18 Pa.C.S. § 6105(a)(1), which prohibits a person from possessing a firearm if he or she has been convicted of one of a number of certain offenses; Hixon stipulated to having such a prior conviction in his record. However, Hixon argues that the Commonwealth presented insufficient evidence that he knowingly possessed a gun, since his mother owned the shotgun police recovered from her cabin, where he resided, and that he admitted only to knowing that the shotgun was under the couch. Hixon also argues that the police recovered the gun on October 30, 2014, but no witness identified it as the particular gun involved in the events of October 28, 2014.

Hixon's argument as to the sufficiency of the evidence utterly ignores the fact that three witnesses testified at trial that they observed him with a firearm and watched him fire it on October 28, 2014. Additionally, the shotgun recovered from Hixon's residence provides ample circumstantial

evidence for the jury to infer that the shotgun was the one he used during the incident on October 28, 2014. ***Watley***, ***supra***.

Next, Hixon argues that his conviction is against the weight of the evidence since it is an inconsistent verdict; because the jury acquitted him as to the other charges in the information, they could not have convicted him of possessing a firearm. However, the evidence in this matter overwhelmingly indicated that Hixon had a gun in his hands and fired it on October 28, 2014. Moreover, inconsistent verdicts "are not considered mistakes and do not constitute a basis for reversal. . . . [T]his Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015). Accordingly, the trial court did not abuse its discretion and this claim is without merit. ***Serrano***, ***supra***.

In his next issue, Hixon asserts that he was deprived of due process of law, arguing that he was actually convicted of possession of a firearm at the time of his arrest on October 30, 2014, rather than on October 28, 2014, as specified in the criminal information. Hixon again makes this claim on the basis that the recovered shotgun was not specifically identified as the gun that was used at the October 28 incident. This claim is without merit, since, as noted above, the recovery of the shotgun on October 30 provided circumstantial evidence in support of the direct evidence of eyewitnesses who testified to observing Hixon fire a gun on October 28. ***Watley***, ***supra***.

Finally, Hixon asserts that the trial court used the incorrect offense gravity score at the time of sentencing. However, this issue implicates the discretionary aspects of sentencing, and is not appealable as of right. ***Commonwealth v. Swope***, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before we can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (quoting ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Hixon filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his appellate brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f). We must now determine whether Hixon has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. We have previously held that a claim that the sentencing court used the incorrect offense gravity score raises a substantial question. ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012). Accordingly, Hixon has raised a substantial question.

At sentencing, the court applied an offense gravity score of 10, which indicates that the firearm was loaded or ammunition was available. Hixon argues that a score of 9 should have been used, which indicates that the firearm was unloaded and ammunition was not available. *See* 204 Pa. Code § 303.15 (offense gravity score is dependent upon whether firearm is loaded/ammunition is available or is unloaded/ammunition is not available). Based upon the testimony at trial that Hixon fired the gun on October 28, 2014, the gun in Hixon's possession was loaded. Accordingly, we discern no error on the part of the trial court in using the offense gravity score of 10.

Hixon also baldly argues that the court should have sentenced him in the mitigated range since a probation officer told him he was allowed to possess a shotgun. Hixon provides no legal support for this claim, and we find that the trial court did not err in not sentencing Hixon to a standard range sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017