J-S11007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM EARL SMITH, | |
| Appellant | No. 407 WDA 2016 |

Appeal from the PCRA Order of March 16, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000378-2012

BEFORE:  OLSON and RANSOM, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                          **FILED MARCH 17, 2017**

Appellant, William Earl Smith, appeals *pro se* from the order entered on March 16, 2016, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the facts underlying Appellant's convictions.  As the PCRA court explained:

> On the afternoon of December 23, 2011, Malik Muhammed [(hereinafter "Victim")], was picking up food at the Taste of Soul restaurant, located at the corner of Searight Avenue and Dunlap Street in Uniontown, [Pennsylvania].  Victim testified that he observed [Appellant], known to him by the nickname "Wee Wee," inside the restaurant; upon leaving, Victim was approached by [Appellant].  After a brief exchange, [Appellant] pulled a firearm from his jacket and shot Victim once in the right shoulder from a distance of approximately two feet.  Victim sustained multiple injuries, including [injuries to] the right shoulder, [right rib], and right lung.

*Former Justice specially assigned to the Superior Court.

A great deal of evidence was presented against [Appellant during Appellant's trial]. Victim testified that he knew [Appellant] because they lived in neighboring apartment complexes. Victim testified that he only knew [Appellant] as "Wee Wee." Detective [Donald] Gmitter testified that[,] at the hospital, Victim stated that "Wee Wee" had shot him. At trial, Victim was able to positively identify [Appellant] as the person who shot him. Dr. Christopher Biwojno, the physician that treated Victim at Uniontown Hospital, testified that the injury Victim suffered was likely fatal had he not sought medical treatment. Susan Atwood, Supervisor of the Trace Evidence section of the Pennsylvania State Police Crime Laboratory, tested samples taken from [Appellant's] hands in order to detect gunshot residue. While no characteristic gunshot residue particles were found, Ms. Atwood's test found indicative particles on [Appellant's] hands. This evidence indicated that one of the elements of lead, barium, or antimony was present on [Appellant's] hands. Ms. Atwood testified as to different reasons characteristic particles would not be present. The Commonwealth presented the indicative gunshot residue particles as circumstantial evidence that [Appellant] had recently fired a weapon.

PCRA Court Opinion, 3/16/16, at 2-3 (internal citations omitted).

The jury found Appellant guilty of attempted homicide, recklessly endangering another person, two counts of aggravated assault, and two counts of simple assault.[1] On January 10, 2013, the trial court sentenced Appellant to serve a term of 18 to 40 years in prison for attempted homicide and imposed no further penalty for Appellant's remaining convictions. This Court affirmed Appellant's judgment of sentence on August 9, 2013; the Pennsylvania Supreme Court denied Appellant's petition for allowance of

---

[1] 18 Pa.C.S.A. §§ 901, 2705, 2702, and 2701, respectively.

appeal on February 26, 2014. *Commonwealth v. Smith*, 83 A.3d 1063 (Pa. Super. 2013) (unpublished memorandum) at 1-7, *appeal denied*, 84 A.3d 1064 (Pa. 2014).

Appellant filed a timely, *pro se* PCRA petition on January 5, 2015. Within Appellant's petition, Appellant raised the following claims:

> 1) Whether counsel for defense was ineffective for failing to object to judicial misconduct of judge for bias, and leading witness. The victim in case. The forensic expert intending to establish probability of guilt. Being partial.
>
> 2) Whether court [erred] in asking expert questions about indicative particles which is inconsistent with gunshot residue.
>
> 3) Whether counsel was ineffective for failure to request mistrial. Due to discovery violation of two other actors which was never provided to defense.
>
> 4) Whether prosecutor committed prosecutorial misconduct by making statements to prejudice the jury in his closing argument. Where he stated the reason you didn't have gunshot residue on the defendant is because he washed hands. DA also went on to state in his closing concerning defendant prior testimony that defendant stated why shoot someone he did.
>
> 5) Whether counsel was ineffective for not filing posttrial motion.
>
> 6) Whether counsel prejudice defendant by confusing the weight of evidence with the sufficiency of [evidence] on appeal.

Appellant's *Pro Se* PCRA Petition, 1/5/15, at 3.

The PCRA court appointed counsel to represent Appellant and counsel filed an amended petition on Appellant's behalf. The amended PCRA petition

- 3 -

raised two claims: 1) trial counsel was ineffective for "fail[ing] to call Daylan McLee as a witness for the defense" and 2) trial counsel was ineffective for failing to file a post-sentence motion to challenge the weight of the evidence. Appellant's Amended PCRA Petition, 5/7/15, at 2-3.

On August 24, 2015, the PCRA court held a hearing on Appellant's PCRA petition and, on March 16, 2016, the PCRA court denied the petition. PCRA Court Order, 3/16/16, at 1.

Appellant filed a timely notice of appeal and, on March 21, 2016, Appellant filed a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant raised two claims in his Rule 1925(b) statement:

> 1. Whether trial counsel . . . was ineffective for failing to file a motion requesting a new trial based on the weight of the evidence?
>
> 2. Whether trial counsel was ineffective for failing to call an exculpatory witness, Daylan McLee, at trial?

Appellant's Rule 1925(b) Statement, 3/21/16, at 1.

On April 6, 2016, Appellant filed a "Motion to Proceed *Pro Se*" with the PCRA court. We remanded the case so that the PCRA court could conduct a **Grazier**[2] hearing. Order, 4/28/16, at 1. Following the **Grazier** hearing, the PCRA court concluded that Appellant knowingly, intelligently, and voluntarily waived his right to counsel during the post-conviction appellate proceedings.

---

[2] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

The PCRA court thus granted Appellant's "Motion to Proceed *Pro Se*" and permitted him to proceed *pro se* on the current appeal. Trial Court Order, 7/13/16, at 1-2.

Now on appeal, Appellant raises three claims to this Court:

1) Appellant is actually innocent of the crime he was [wrongfully] convicted of[.]

2) Plain error denied Appellant due process of law and a fair trial.

3) Appellant has been denied his right to effective assistance [of] counsel[] in this matter.

Appellant's Brief at 4.

As we have stated:

[t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). Specifically, Section 9543(a)(2) declares:

**(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

. . .

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

. . .

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543.

Appellant's first two issues on appeal are not cognizable under the PCRA and Appellant did not raise the issues in his Rule 1925(b) statement. Therefore, Appellant waived his first two issues on appeal; and, even if the claims were not waived, the claims would immediately fail. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"); 42 Pa.C.S.A. § 9543(a)(2).

Finally, Appellant claims that he "has been denied his right to effective assistance [of] counsel[] in this matter." Appellant's Brief at 4. Within Appellant's brief to this Court, Appellant raises two ineffective assistance of counsel claims:  1) trial counsel was ineffective for failing "to properly investigate the case[,] result[ing] in his failure to recognize the arrest warrant and its accompanying affidavit of probable cause were illegal and unconstitutional" and 2) trial counsel was ineffective for failing to raise a weight of the evidence claim in a post-sentence motion. *Id.* at 28-31.

Appellant's first sub-claim is waived because Appellant did not raise the claim in his PCRA petition or in his Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii); 42 Pa.C.S.A. § 9543(a)(2). Appellant's second sub-claim fails.

One of the statutorily enumerated circumstances in Section 9543(a)(2) is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no

reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Rivera*, 10 A.3d at 1279. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

To establish the reasonable basis prong, we must look to see whether trial counsel's strategy was "so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994). An attorney's trial strategy "will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). Further, if an appellant has clearly not met the prejudice prong, a court may dismiss the claim on that basis alone and need

not determine whether the other two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995).

According to Appellant, he was prejudiced by counsel's failure to file a post-sentence motion and challenge the weight of the evidence because "a gunpowder residue test was performed on Appellant by [the] arresting police [officer] and an analysis of the evidence collected reveals no trace evidence under the SEM test of the evidence that established gunpowder residue upon Appellant's person." Appellant's Brief at 30.

Our Supreme Court has held:

> a verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of

discretion.  It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009) (internal quotations and citations omitted).  "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record."

*Commonwealth v. Serrano*, 61 A.3d 279, 290 (Pa. Super. 2013) (internal quotations and citations omitted).

The PCRA court judge in this case also presided over Appellant's trial. As the PCRA court explained, even if Appellant properly preserved his weight of the evidence claim at the trial level, the claim would have failed:

> While no characteristic gunshot residue particles were found on [Appellant's] hands, [Susan Atwood, the Supervisor of the Trace Evidence section of the Pennsylvania State Police Crime Laboratory,] . . . pointed to several factors that could contribute to the absence of characteristic particles, including the time between the firing of the weapon and arrest; washing of the hands; perspiration; and[,] transfer to inanimate objects[, including] furniture and clothing.  In his appeal, [Appellant] pointed to Ms. Atwood's admission that while characteristic particles would indicate a near certainty that a defendant had recently discharged a firearm, indicative particles could originate from other sources in the environment. . . .
>
> Based on the fact that [five] hours elapsed between the time of the shooting and [Appellant's] arrest, the jury could reasonably infer that characteristic particles had been present at the time of the incident, but deliberately or inadvertently removed from [Appellant's] hands.

. . .

It is important to note that, in addition to the evidence of [indicative particles], the jury heard direct evidence of [Appellant's] guilt at trial. Victim knew [Appellant] because they lived in neighboring apartment complexes. Victim knew that [Appellant] was known by the nickname of "Wee Wee," and [Appellant] admitted that he has been known as "Wee Wee" since he was a child. Victim was able to identify [Appellant] at trial as the person who shot him; furthermore, Victim identified the shooter as "Wee Wee" to Detective Gmitter at the hospital. The jury was entitled to believe Victim's testimony that [Appellant] was the person who shot him, and to disbelieve [Appellant's] testimony.

. . .

Thus, even if [Appellant had presented a weight of the evidence motion to the trial court, the PCRA court] conclude[s] that there is no reasonable probability that the outcome of the proceedings would have been different. . . .

PCRA Court Opinion, 3/16/16, at 6-7 and 9-10 (internal citations omitted).

We agree with the PCRA court's able analysis and conclude that trial counsel's failure to file a post-sentence motion to challenge the weight of the evidence did not cause Appellant any prejudice. Therefore, Appellant's ineffective assistance of counsel claim fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2017

- 11 -