J-A22021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :            PENNSYLVANIA
                                    :
          v.                            :
                                    :
                                    :
JOSHUA RAHSAAN ELLIS         :
                                    :
          Appellant           :    No. 493 MDA 2021

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000814-2016

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:               **FILED: FEBRUARY 8, 2022**

Appellant, Joshua Rahsaan Ellis, appeals from the order entered on March 22, 2021, which denied his first petition filed under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

Appellant's underlying convictions, aggravated assault and criminal conspiracy to commit aggravated assault,[2] stemmed from the December 25, 2015 violent assault on the victim perpetrated by Appellant and his co-defendants, Francisco Camacho,[3] Alexander Rodriguez-Cruz, Anthony Maglietta, and Raymond J. Lee, III. PCRA Court Opinion, 3/22/21, at 1-2.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 903, respectively.

[3] Camacho entered an open guilty plea prior to trial. **See** PCRA Court Opinion, 3/22/21, at 2.

The prolonged attack was captured on video surveillance obtained from the Lancaster Community Safety Coalition and the Molly's Pub surveillance system. *Id.* Through the video recordings, Appellant was "clearly identified as having been an active participant in the assault of the victim," where the recordings showed him "punching the victim several times in the head, face, and upper torso." *Id.* at 2. The victim sustained two black eyes, facial lacerations, a broken nose, a brain bleed, ongoing cognitive issues, memory lapses, and difficulties with speech and mobility. *Id.* at 1.

Appellant's case was consolidated with those of his co-defendants pursuant to Rule 582 of the Rules of Criminal Procedure.[4] *Id.* at 2. On May 25, 2017, a jury found Appellant guilty of aggravated assault and criminal conspiracy to commit aggravated assault. *Id.* Appellant's judgment of sentence was affirmed on June 7, 2019. *See Commonwealth v. Ellis*, 2019 WL 2406467 (Pa. Super. 2019) (unpublished decision).

Appellant timely filed a *pro se* PCRA petition, his first, on August 21, 2019. PCRA Court Opinion, 3/22/21, at 3. The PCRA Court appointed counsel, who filed an amended petition on February 13, 2020. *Id.* Within his amended

---

[4] Rule 582, in relevant part, provides:

> [(A)](2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

Pa.R.Crim.P. 582(A)(2).

petition, Appellant raised two claims of ineffective assistance of counsel. The first claim alleged that counsel was ineffective in failing to file a pre-trial motion to sever Appellant's trial. The second alleged that counsel was ineffective in failing to object at trial to Maglietta's opening statement, Maglietta's testimony, and the Commonwealth's rebuttal thereto. *Id.* at 4. Underlying all of these claims, Appellant takes issue with references to his alleged gang affiliation. *Id.* The PCRA court held an evidentiary hearing on July 20, 2020 and, thereafter, directed the parties to file supplemental briefs. *Id.* On March 22, 2021, the PCRA court denied Appellant's petition. *Id.* at 1. This appeal followed.[5]

> Appellant raises the following issues on appeal:
>
> I. Did the PCRA court err in finding trial counsel to be effective when counsel failed to move pre[-]trial to sever Appellant's trial from that of his co-defendants?
>
> II. Did the PCRA court err in finding trial counsel to be effective when counsel failed to move *in limine* pre[-]trial to preclude any reference to any alleged gang ties of Appellant from either the Commonwealth or any co-defendant; and trial counsel failed to object to co-defendant Maglietta's opening, Maglietta's testimony, and the Commonwealth's rebuttal of same as any reference to alleged gang ties was unduly prejudicial and without any probative value whatsoever as it related to Appellant?

Appellant's Brief at 4 (extraneous capitalization omitted).

---

[5] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. The PCRA court adopted its March 22, 2021 opinion as its Rule 1925(a) opinion. *See* PCRA Court Opinion, 5/7/21.

- 3 -

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Both of Appellant's claims assert that trial counsel was ineffective. Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted).

> A claim has arguable merit where the factual averments, if accurate, could establish [grounds] for relief. *See*

- 4 -

*Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). If a claim fails under any necessary element of the applicable test, the court may proceed to that element first. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

In his first issue, Appellant argues that trial counsel was ineffective in failing to file a pre-trial motion to sever his case from that of his co-defendants. According to Appellant, his counsel should have sought a separate trial because "there existed the possibility that no gang evidence against Appellant would have come in at all because of its highly prejudicial and non-probative nature." Appellant's Brief at 14. He argues that this basis "became evident when violent[] gang activities and affiliation, unrelated to

this assault[,] w[ere] presented at trial." *Id.* Appellant is not entitled to relief on this claim of ineffectiveness.

Severance of defendants is governed by Rule 583 of the Pennsylvania Rules of Criminal Procedure, which provides that, "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. A defendant requesting a separate trial must show real, rather than merely speculative, prejudice. *Commonwealth v. Serrano*, 61 A.3d 279, 285 (Pa. Super. 2013). In determining whether a defendant suffers such prejudice as to warrant severance, a trial court should consider the following factors:

> (1) whether the number of defendants or the complexity of the evidence as to the several defendants is such that the trier of fact probably will be unable to distinguish the evidence and apply the law intelligently as to the charges against each defendant; (2) whether evidence not admissible against all the defendants probably will be considered against a defendant notwithstanding admonitory instructions; and (3) whether there are antagonistic defenses.

*Commonwealth v. Brookins*, 10 A.3d 1251, 1256 (Pa. Super. 2010), *appeal denied*, 22 A.3d 1033 (Pa. 2011) (cleaned up).

In this case, although there were multiple defendants, all were charged with conspiracy, making a joint trial preferrable. *See Serrano*, *supra*, ("It is well established that the law favors a joint trial when criminal conspiracy is charged."). The complexity of the evidence was low; a high-definition video documented the entire assault, including each defendant's role therein.

Moreover, the majority of the Commonwealth's evidence in its case-in-chief applied to all defendants equally; therefore, there was no confusion as to whom each piece of evidence applied. Thus, the first factor weighed against severance.

As to the second factor, the only evidence that Appellant contests as inadmissible to him is the reference to his gang affiliation. The Commonwealth, however, explicitly agreed that it would not introduce evidence of gang affiliation within its case-in-chief against Appellant. N.T. Pre-Trial Conference, 5/12/17, at 8-9. Moreover, any potential prejudice arising from references to gang affiliation was properly cured by the trial court's jury instructions, which limited consideration of such evidence to its properly admitted purpose.[6] **See Commonwealth v. Cash**, 137 A.3d 1262,

---

[6] At trial, counsel for Appellant and counsel for Lee specifically requested a limiting instruction on testimony regarding alleged gang activity. **See** N.T. Jury Trial, Vol. IV, at 423-424. The trial court gave the following instruction regarding Maglietta's testimony:

> [Maglietta] took [] the stand as a witness in this case. In considering this defendant's testimony, you are to follow the general instructions I have given you for judging the credibility of any witness.

> You should not disbelieve this defendant's testimony merely because he is a defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial.

*(Footnote Continued Next Page)*

1280 (Pa. 2016) (stating that a jury is presumed to follow the trial court's instructions); *Commonwealth v. Travers*, 768 A.2d 845 (Pa. 2001) (noting that, generally, an instruction to the jury that it is to consider certain evidence only with respect to the defendant against whom it is offered is sufficient to remove any potential prejudice).

As to the third factor, Appellant's defense was not so antagonistic as to his co-defendants as to cause prejudice. Our Supreme Court explained:

_____

*Id.* at 503. Pertaining to the references to gang affiliation and activity, the trial court further instructed:

> You have also heard testimony presented by [] Maglietta alleging that [] Lee, [Appellant,] and certain other individuals may have been involved in gang activity or in other prior criminal behavior.
>
> Please understand that [Lee, Appellant, and the] other individuals are not presently on trial for any such alleged behavior.
>
> This evidence is before you for the limited purpose of discussing [] Maglietta's version of the events. This [] evidence must not be considered by you in any way other than for that specific purpose.
>
> You must not regard this evidence as showing that [] Lee, [Appellant,] or any other individual is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

*Id.* at 507-508.

We agree with the PCRA court's assessment that "the challenged testimony [regarding reference to gang affiliation] was either offered by [] Maglietta in his own defense or was otherwise properly admitted by the Commonwealth to rebut" Maglietta's claims. PCRA Court Opinion, 3/22/21, at 14. Accordingly, the trial court appropriately instructed the jury to limit its consideration of such evidence for the sole purpose of adjudging Maglietta's credibility, defense, and ultimate guilt determination.

A claim of mere hostility between defendants, or that one defendant may try to exonerate himself at the expense of the other [ ] is an insufficient basis upon which to grant a motion to sever. [T]he fact that defendants have conflicting versions of what took place, or the extents to which they participated in it, is a reason for rather than against a joint trial because the truth may be more easily determined if all are tried together. Indeed, severance should be granted only where the defenses are so antagonistic that they are irreconcilable – *i.e.*, the jury essentially would be forced to disbelieve the testimony on behalf of one defendant in order to believe the defense of his co-defendant. Thus, a defendant claiming error on appeal has the burden of demonstrating that he suffered actual, not speculative, prejudice because of the ruling permitting a joint trial.

***Commonwealth v. Brown***, 925 A.2d 147, 161-162 (Pa. 2007) (plurality) (citation and quotation omitted).

Here, Appellant alleges he was prejudiced by the introduction of his gang affiliation *via* Maglietta's defense. Maglietta's defense strategy was that "he was pressured by [Appellant] and [ ] Lee because the individuals were gang members, wore gang colors, and essentially took over his business." PCRA Court Opinion, 3/22/21, at 13. Appellant's trial strategy was to target Lee and minimize Appellant's involvement through the joint trial. ***Id.*** at 9-10. These defenses were not so antagonistic as to cause prejudice. ***See Commonwealth v. King***, 721 A.2d 762, 771 (Pa. 1998) (risk that defendants point fingers at each other is insufficient to constitute antagonistic defenses that warrant separate trials).

Here, Appellant and his co-defendants were charged with conspiracy, almost all of the evidence presented at trial (including the testimony of various police officers, the victim, and the high-definition video recordings) pertained

to all of the defendants, the Commonwealth did not introduce evidence of gang affiliation in its case-in-chief, and the trial court instructed the jury regarding the limited purpose for which the gang affiliation testimony could be considered. Therefore, the prejudice Appellant faced from introduction of gang affiliation *via* co-defendants was low. Hence, severance would not have been appropriate under Rule 583. Accordingly, Appellant's underlying claim lacks arguable merit and counsel was not ineffective for failing to file a severance motion. ***Fears***, 86 A.3d at 801 ("counsel cannot be deemed ineffective for failing to raise a meritless claim.").

Appellant's second issue asserts that trial counsel was ineffective for failing to preclude references to gang affiliations prior to trial and failing to object to Maglietta's opening statement, Maglietta's testimony, and the Commonwealth's rebuttal thereto. As this claim is two-fold, we address Appellant's pre-trial and during-trial claims separately.

For the reasons set forth above regarding the unavailing nature of Appellant's severance argument, Appellant's assertion of ineffectiveness for failing to move pretrial to preclude gang affiliation references is similarly meritless. The trial court properly denied Appellant's claim.

Appellant next argues that trial counsel was ineffective for failing to object to Maglietta's opening, Maglietta's testimony, and the Commonwealth's rebuttal to Maglietta's defense. In Appellant's view, this claim has merit since any reference to alleged gang ties was unduly prejudicial and without any

probative value. Appellant's Brief at 4. Appellant's bald assertion fails to meet his burden to establish prejudice. *See Commonwealth v. Jones*, 811 A.2d 1057, 1062 (Pa. Super. 2002) (holding that where it is clear that an appellant fails to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone without a determination on the first two prongs).

As the PCRA court explained,

> [Appellant] cannot establish that[,] but for the challenged testimony, [there is a reasonable probability he could have avoided a conviction]. [T]he Commonwealth presented a breadth of evidence, including a high-definition video of the entire assault, along with the victim's testimony, that was admitted against the defendants at trial. Additionally, [ ] the trial court gave the jury strong limiting instructions to address how the jury was to consider any evidence regarding [Appellant's] gang affiliation so as to limit any possible prejudice.

PCRA Court Opinion, 3/22/21, at 15-16. We agree. Besides conclusory statements, Appellant fails to articulate how he was prejudiced by references to his gang affiliation[7] in light of the overwhelming evidence presented by the

---

[7] The PCRA court emphasized:

> It is specifically noted that throughout Maglietta's testimony and the Commonwealth's rebuttal thereto, [Appellant] was not described as one of the gang members that assaulted [ ] Maglietta or targeted [Appellant] as a violent individual. Rather, it was simply made known that [Appellant] was a member of a gang.

PCRA Court Opinion, 3/22/21, at 14. Appellant never specifies how the testimony and evidence elicited at trial prejudiced him; rather, he frames as a purported fact, without supporting citation, that evidence of gang affiliation is highly prejudicial and non-probative.

Commonwealth, including high-definition video recordings showing his involvement. Moreover, while Appellant makes a single passing reference to the trial court's limiting instruction in his brief to this Court, *see* Appellant's Brief at 26, he offers no evidence that the jury disregarded the instruction. *See Cash*, *supra*, ("It is well settled that the jury is presumed to follow the trial court's instructions"). Consequently, Appellant's ineffective assistance of counsel claim fails and the PCRA court properly denied the instant petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/08/2022